UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
In Re:                              )
                                    )
SIMA SCHWARTZ,                      )
            Debtor                  )
_____)
                                    )
SIMA SCHWARTZ,                      )   CIVIL ACTION
            Plaintiff-Appellant )       NO. 11-40190-WGY
                                    )
            v.                      )
                                    )
DEUTSCHE BANK NATIONAL TRUST        )
COMPANY,                            )
            Defendant-Appellee, )
                                    )
                                    )
HOMEQ SERVICING CORP.,              )
                                    )
            Defendant-Appellee. )
                                    )
_____)
```

ORDER

YOUNG, D.J.                                          December 15, 2011

Pending before this Court is an appeal of the above action from the bankruptcy court pursuant to 28 U.S.C. § 158(a). The District of Massachusetts referred the case to the bankruptcy court pursuant to 28 U.S.C. § 157(a). This Court may "withdraw, in whole or in part, any case or proceeding" referred by the authority of 28 U.S.C. § 157 for cause. 28 U.S.C. § 157(d).

The Court withdraws the reference for Counts II, IV, V, VI and VII to "preserve a higher interest." Container Recycling Alliance v. Lassman, 359 B.R. 358, 360 (D. Mass. 2007) (O'Toole, J.) (citation omitted). Here, the Court withdraws the reference

for these proceedings on these counts in the interest of judicial economy and to ensure that the adversary proceeding conforms with the constitutional requirements elucidated in Stern v. Marshall, --- U.S. ---, 131 S. Ct. 2594 (2011).  See Picard v. Flinn Invs., LLC, --- F. Supp. 2d ---, 2011 WL 5921544, at *6 (S.D.N.Y. Nov 28, 2011) (Rakoff, J.).  At this juncture, the Court expresses no opinion on Stern v. Marshall's reach.  Rather, it simply appears to be the better part of valor to assume responsibility for the further course of these proceedings now.  The careful work of the Bankruptcy Judge is, of course, entitled to all proper deference.

The Court affirms the bankruptcy court on Count III, Void Lien.

SO ORDERED.

    /s/ William G. Young
William G. Young
United States District Judge